UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DALE CAMERON on behalf of himself and all others :
similarly situated, :
 :
                                 Plaintiff, :      **SUMMARY ORDER**
 :      23-CV-8789 (DLI)(TAM)
                              -against- :
 :
PROSEGUR SERVICES GROUP, INC., :
 :
                              Defendant. :
 :
------------------------------------------------------------------ X
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Dale Cameron ("Plaintiff") filed this Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA") and New York Labor Law (N.Y. Lab. Law § 650 et seq.) ("NYLL") action against Defendant Prosegur Services Group, Inc. ("Defendant") alleging Defendant failed to pay overtime or manual workers' wages for all hours worked on a weekly basis, and failed to provide required notices and statements. *See*, Compl., Dkt. Entry No. 1. This Court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367. Venue is in this district proper pursuant to 28 U.S.C. 1391(b).

On January 24, 2024, Defendant requested a premotion conference for leave to file a motion to transfer venue to the United State District Court for the Southern District of New York ("SDNY") based, in part, on the existence of a related case filed there *sub nom*. *Frattarola et al., v. Prosegur Security USA Inc.*, Case Dkt. No. 7:23-cv-00137(CS). *See*, Letter Motion ("Letter"), Dkt. Entry No. 8. By electronic order issued on January 25, 2024, the Court denied the premotion conference motion as unnecessary, deemed the letter the motion and issued an order to show cause why this action should not be transferred to the SDNY. Plaintiff responded in

opposition to the motion on February 2, 2024. *See*, Response to Order to Show Cause ("Response"), Dkt. Entry No. 11. For the reasons set forth below, Defendant's motion to transfer venue to the SDNY is granted.

A district court may transfer a civil action to any other district where the action might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). To determine whether a motion to transfer venue should be granted, the Court must apply a two-pronged test: "(A) whether the action could have been brought in the proposed forum; and (B) whether the transfer would 'promote the convenience of parties and witnesses and would be in the interests of justice.'" *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp.2d 342, 348 (E.D.N.Y. 2012) (quotation omitted). In addition, the Second Circuit has held that "[c]ourts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. American Board of Emergency Medicine*, 428 F.3d 408, 435 (2d Cir. 2005). In this case, both prongs of the requisite two-part inquiry weigh in favor of transfer.

Regarding the first prong, pursuant to 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Furthermore, a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

Plaintiff contends that Defendant is incorrect that this case could have been brought in the SDNY. Response at 1-2. However, this is irreconcilable with Defendant's admission that it "performed all its business relating to the Plaintiff and class members from its offices at 505 Eighth Avenue, 11th Floor, New York, New York 10018." Letter at 2. This location is within the SDNY and Defendant's activities there are of a nature that give rise to personal jurisdiction.

2

*See*, *Schultz v. Safra Nat. Bank of New York*, 377 Fed. Appx. 101, 102 (2d Cir. 2010). Thus, Plaintiff could have brought this case in the SDNY pursuant to 28 U.S.C. § 1391 because Defendant was subject to personal jurisdiction there at the time this action commenced.

The second prong generally involves a case specific analysis of the following non-exhaustive list of factors, none of which is dispositive: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. *See*, *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp.2d 370, 373 (S.D.N.Y. 2006). On balance, these factors weigh in favor of transfer, especially the final factor, trial efficiency and the interests of justice.

1. Witness convenience is a neutral factor. The nature of the case, and allegations involved, make it probable that witnesses largely will come from the New York Metropolitan area. *See*, Compl. at ¶¶ 11, 14. The SDNY's proximity to this district, the Eastern District of New York ("EDNY"), reduces any potential burden resulting from transfer.

2. The convenience of the parties also is a neutral factor. Plaintiff is a resident of Queens County and travel to the SDNY rather than the EDNY should not be a significant inconvenience, nor does *Plaintiff* argue that transfer would inconvenience him in any way. *Id.* at ¶ 8; S*ee also*, Response.

3. The location of relevant documents and access to sources of proof is a somewhat neutral factor. Relevant documents and evidence probably can be found in both districts

3

although given the location of Defendant's administrative business, more records are likely to be found in the SDNY.

4. The locus of operative facts is similarly neutral in the Court's analysis. Key events, decisions or policy determinations in the case may have occurred in either district.

5. The availability of process to compel the attendance of unwilling witnesses is neutral in the Court's analysis. Both districts are in close physical proximity and have comparable reach to compel the attendance of witnesses.

6. The relative means of the parties weighs slightly against transfer. Defendant is a corporation that employs many people, possibly hundreds in New York State alone. Compl. at ¶¶ 13-14. Plaintiff is one of these employees and is of otherwise unknown means. *Id.* at ¶ 12.

7. The forum's familiarity with the governing law is neutral in the Court's analysis. Both the districts frequently apply New York Law, including the NYLL.

8. The weight accorded the plaintiff's choice of forum is a factor against transfer. The Court must give appropriate respect to Plaintiff's choice to sue in his home forum. *Id* at ¶ 8.

9. The final factor, trial efficiency and the interests of justice, based on the totality of the circumstances, weighs strongly in favor of transfer and is determinative in the Court's analysis. Consolidation of this case with the ongoing, related case against Defendant in the SDNY, dealing with common legal claims and with overlapping witnesses and evidence, would conserve judicial resources and avoid an unjust or conflicting outcome. *See*, Letter. While the ultimate decision on consolidation lies with the transferee Court, there are compelling reasons to do so in this case.

## CONCLUSION

The Court finds that the venue factors as applied to the instant action demonstrates that the SDNY is a superior forum for this litigation. Therefore, Defendants' motion to transfer venue

is hereby granted. The Clerk of the Court is directed to transfer this case to the U.S. District Court for the Southern District of New York and to close this case. The Court defers to the transferee court for a decision on defendant's motion to consolidate this case with *Frattarola et al., v. Prosegur Security USA Inc.*, Case 7:23-cv-00137(CS).

SO ORDERED.

Dated: Brooklyn, New York
      September 11, 2024

                                         /s/
                                DORA L. IRIZARRY
                            United States District Judge